AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of New York

In the Matter of the Search of

The Premises Located at 899 County Road 6, Phelps, New York 14532, as further described and depicted in Attachment A

Case No. 23-MJ- 4032

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of New York:

The Premises Located at 899 County Road 6, Phelps, New York 14532, as further described and depicted in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment B for the Evidence to be Seized, all of which are evidence and instrumentalities of violations of Title 18 United States Code, Sections 2251(a), 2252A(a)(2)(A), and 2252A(a)(5)(B), and all of which are more fully described in the application and affidavit filed in support of this warrant, the allegations of which are adopted and incorporated by reference as if fully set forth herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

X evidence of a crime;
X contraband, fruits of crime, or other items illegally possessed;
X property designed for use, intended for use, or used in committing a crime;
____ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), and 2252A(a)(5)(B), and the application is based on these facts which are continued on the attached sheet.

*Applicant's signature*

Christa M. Thomas, Special Agent, F.B.I.
*Printed name and title*

Application submitted by email in .pdf format and attested to me and before me as true and accurate by telephone consistent with Fed.R.Crim.P. 4.1 and 41(d)(3).

Date: January 24, 2023

*Judge's signature*

City and state: Rochester, New York

Hon. Marian W. Payson, United States Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

**SUBJECT PREMISES TO BE SEARCHED**

The property located at 899 County Road 6, Phelps, NY 14532 (the "SUBJECT PREMISES") is a three-bedroom, two-bathroom, single family house. The house has an attached garage with two car doors. Currently the house is painted in a shade of blue.

The SUBJECT PREMISES are depicted below:



ATTACHMENT B
ITEMS TO BE SEARCHED AND SEIZED

1. Evidence, in any form, of violations of 18 U.S.C. §§ 2251(a) (production/attempted production of child pornography); 2252A(a)(2)(A) (receipt/attempted receipt and distribution/attempted distribution of child pornography); and 2252A(a)(5)(B) (possession/access with intent to view, or attempted possession access with intent to view child pornography);

2. Images of child pornography and files containing images of child pornography in any form, wherever they may be stored or found, including but not limited to: on any computer, phone, camera, tablet, disc, thumb drive, hard drive, or any other electronic data storage device;

3. Information, correspondence, communications, and other materials constituting evidence of, or pertaining to, the sexual exploitation of minors, wherever these items may be stored or found including on any computer, phone, camera, tablet, disc, thumb drive, hard drive, or any other electronic data storage device;

4. Any and all records, documents, e-mails, telephone numbers, text messages (in electronic or hardcopy), correspondence, communications, images, internet search history, or other information, which evince a sexual interest in minors or child exploitation;

5. Records and information relating to the existence of internet sites, social media applications, file sharing applications, or chat applications, related to child pornography or a sexual interest in children;

6. Records or other items related to the use of internet accounts, to include usernames, passwords, financial accounts, social media accounts, location information, IP information, etc., or any other information which evinces ownership or use of any digital equipment seized; and

7. Records, in whatever form, pertaining to residency at SUBJECT PREMISES.

**(Final Version 07/2020)**

**ADDENDUM TO SEARCH WARRANT**

**SEARCH OF COMPUTERS**

1. The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court. *United States v. Smith*, No. 17-2446-CR, 2020 WL4290005, at *4 (2d Cir. July 28, 2020).

2. In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3. Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

4. In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5. If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court. The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph (4) above.

6. Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

7. Should there be a dispute or question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.

**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

STATE OF NEW YORK )
COUNTY OF MONROE ) ss.:
CITY OF ROCHESTER )

I, CHRISTA M. THOMAS, being duly sworn, depose and state:

1. I have been a Special Agent of the FBI since December 2020 and am currently assigned to the Rochester, NY Resident Agency. I am responsible for investigating federal crimes, including violations of 18 U.S.C. §§ 2251(a); 2252A(a)(2)(A); and 2252A(a)(5)(B), involving the production, receipt, distribution, and possession of child pornography.

2. The information contained in this affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law enforcement officers and witnesses, and my review of documents and records related to this case.

3. This affidavit is made in support of an application for a warrant to search the entire premises located at 899 County Road 6, Phelps, NY 14532 (the SUBJECT PREMISES), as described and depicted in Attachment A. The items to be searched for and seized are described in Attachment B.

4. As set forth in more detail below, there is probable cause to believe that evidence, contraband, fruits and instrumentalities of violations of 18 U.S.C. §§ 2251(a) (production of child pornography); 2252A(a)(2)(A) (distribution/receipt of child pornography); and 2252A(a)(5)(B) (possession of child pornography), are located within the SUBJECT PREMISES.

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant, I have not included every fact known to me as a result of this investigation. Rather, I have set forth facts that I believe are relevant to establish probable cause to support the requested search warrant.

**Lead from Anchorage, Alaska FBI**

6. On or about January 20, 2023, the FBI Rochester was contacted by the FBI in Anchorage, Alaska, who reported that an individual in Phelps, NY had exchanged child pornography with an individual in Alaska (AK SUSPECT), utilizing the social media and messaging platform Kik. Kik is an instant messaging mobile application that allows individuals to communicate and share pictures and other media. Kik operates via the internet, which is a means and facility of interstate and foreign commerce. Kik is known to law enforcement as a platform on which child pornography is distributed and received throughout the world.

7. The lead stemmed from an investigation that began in approximately September 2022, involving AK SUSPECT's possible misuse of classified information. On or about January 10, 2023, FBI Anchorage executed a search warrant at AK SUSPECT's home, during which time the FBI seized several digital storage devices, to include a phone.

**Kik conversations discovered on AK SUSPECT's phone**

8. A subsequent forensic analysis of AK SUSPECT's phone revealed a series of Kik communications that took place in June 2022, between AK SUSPECT and Kik user "bigdirtymac." The conversations were sexually explicit in nature and involved the sexual abuse and exploitation of minors. The following are excerpts of conversations that were recovered from AK SUSPECT's phone, that took place between June 4 and June 11, 2022:

AK SUSPECT: Hey I'd love to chat about your friend's daughter

bigdirtymac: Any limits?

AK SUSPECT: Not into piss/scat but other than that no limits

AK SUSPECT: How old is she?

bigdirtymac: *sends image depicting a 5 to 7-year-old female, now identified as VICTIM 1*

AK SUSPECT: Mmmmm young thing

bigdirtymac: You like?

AK SUSPECT: Oh yeah . . . I'd love to have her sit on my lap

bigdirtymac: What would you do?

AK SUSPECT: I'd be the family friend, the "Uncle," and she can sit on my lap while I get hard

bigdirtymac: What do you like about her specifically

AK SUSPECT: I love that body so nice and young

bigdirtymac: I want her mouth. Those pretty little eyes looking up.... mmmm...

AK SUSPECT: She'd made your cock look bigger too

bigdirtymac: I've pulled my dick out behind her and rubbed it on her hair. Rubbed my dick on her wubby and toothbrush. She put the wubby in her mouth like a min after

bigdirtymac: *sends two images of VICTIM 1, to include:*

a. Image - 115be00e6801785ecd35e91cfe830ad5: A photograph of VICTIM 1 lying on her stomach looking at a tablet with her back side to the camera. VICTIM 1 is wearing shorts that are pulled into her buttocks so that her butt-cheeks are exposed in a sexually suggestive manner. The focal point of the photograph appears to be the child's buttocks.

b. Image 7157057889ea6a8ab4a52508a5768b5b: A photograph of VICTIM 1 lying on what appears to be a carpet. VICTIM 1 is clothed in shorts and a shirt, lying on her back with her legs spread exposing her clothed vagina. The photo is focused on the torso and vaginal area of VICTIM 1.

AK SUSPECT: Oh fuck I'd love to lay on top of her

bigdirtymac: I want to secretly feed her my cum

AK SUSPECT: mmmmmmm start her early eating cum

bigdirtymac: You got anyone you perv on?

AK SUSPECT: 14-year-old Kaylee

9. AK SUSPECT then distributed five images of child pornography to bigdirtymac depicting a white female approximately 14 years of age. I have reviewed the images and described two as follows:

a. Image A9548aa448a442fbfb939c3584a4eaa6: A photograph depicting an approximately 14-year-old female, positioned on the floor naked with her breasts and vagina exposed to the camera. The child is touching her vagina with her hand.

b. Image B7173740f8a7c50cceefcd508b83c4a1: A photograph depicting an approximately 14-year-old female. The child is nude and is positioned on the floor kneeling with her buttocks and bare vagina exposed to the camera.

Based on my training and experience, I believe that these images constitute child pornography as defined by 18 U.S.C. § 2256(8), and that the above interactions constitute the distribution and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).

**Search Warrant for the bigdirtymac Kik account**

10. In December 2022, FBI Anchorage obtained a search warrant for the content of the "bigdirtymac" Kik account, which has been provided to FBI Rochester.

11. I have reviewed the contents of the bigdirtymac account, which included photographs, IP logs, chat logs, and other information, but not the content of conversations.

12. Within the account, I observed multiple photographs of VICTIM 1, to include:

a. Image 1d8a5089-168-4fdf-b396-9120063ad50f: A photograph of VICTIM 1, standing and holding a pink blanket, with the letter "B" an apparent dog paw

on the blanket. VICTIM 1's hair is pulled back into a ponytail.  An adult male, wearing khaki cargo pants is depicted touching his penis on VICTIM 1's hair. It appears that the adult male's left hand is touching VICTIM 1's shoulder while he touches his penis to VICTIM 1's head.

b. Image bc583288-11f1-4615-b315-fbce558873ef: A photograph of VICITM 1, lying fully naked in a bathtub with her buttocks exposed above the waterline. A blue object is in the bathtub and VICTIM 1 is looking up at the camera.

Based on my training and experience, I believe that Image 1d8a5089-168-4fdf-b396-9120063ad50f described in subparagraph (a) constitutes child pornography as defined by 18 U.S.C. § 2256(8).

13.     I also observed the following additional images of child pornography on the bigdirtymac account:

a. Image 5e9fd49c-1628-49f1-ae42-3d9631-ce32d8: A photograph of an approximately 12 to 13-year-old female, standing fully naked with her breasts and nude vagina exposed to the camera in a lascivious manner. The focal of the photograph is the child's nude torso and vagina.

b. Image D067e525-828c-460e-9934-43701e460540: A photograph of the same child, standing in front of a shower, fully naked, with her breasts and nude vagina exposed to the camera. The focal of the photograph is the child's nude torso and vagina.

**Identification of the SUBJECT PREMISES**

14.     Kik provided "chat sent" IP logs for the bigdirtymac account containing IP information for bigdirtymac's chats.  According to the logs, bigdirtymac utilized IP address 64.246.226.25 (the SUBJECT IP) when communicating with other individuals.

15.     A subpoena was issued to internet service provider Gonetspeed for subscriber information related to the SUBJECT IP.  In response, Gotnetspeed provided the following subscriber information:

Subscriber Name: David PASSALACQUA
Address of Service: 899 County Road 6, Phelps, NY 14532
Billing Address: 899 County Road 6, Phelps, NY 14532

Length of Service: August 5, 2019
IP Address: 64.246.226.25.
Customer has had the same IP since August 5, 2021.

16. According to the New York State Department of Motor Vehicles, DAVID PASSALACQUA's driver's license and vehicle are both registered to the SUBJECT PREMISES, 899 County Road 6, Phelps, NY 14532. DAVID PASSALACQUA's brother, ERIC PASSALACQUA's driver's license and vehicle are also registered to the SUBJECT PREMISES.

17. FBI Rochester made contact with the Ontario County Sheriff's Office (OCSO), who are familiar with the occupants of the SUBJECT PREMISES, and ERIC and DAVID PASSALACQUA based on past contacts. According to the OCSO, three adults and one child currently reside at the SUBJECT PREMISES, to include DAVID PASSALACQUA, ERIC PASSALACQUA, SHANNON PASSALACQUA, and an 8-year-old minor, who has been identified as the child of ERIC PASSALACQUA.

18. The minor living in the SUBJECT PREMISES is not the child identified as VICTIM 1. Based on open internet research, and information provided by the OCSO and other sources, VICTIM 1 has been identified as the daughter of a friend of ERIC PASSALACQUA and DAVID PASSALACQUA.

19. In addition to the above, the bigdirtymac account contained a log titled "chat_platform_sent.txt," containing file titles associated with images sent by bigdirtymac. According to the log, on November 3, 2022, using the SUBJECT IP, bigdirtymac distributed the images of VICTIM 1 described in paragraph 12 above (Image 1d8a5089-168-4fdf-b396-9120063ad50f and Image bc583288-11f1-4615-b315-fbce558873ef), to a user other than AK SUSPECT. This demonstrates that the user of the bigdirtymac account was actively

distributing VICTIM 1's images via Kik from the SUBJECT PREMISES as late as November 3, 2022, to other individuals.

20.     Based on my training and experience, I know that perpetrators of child pornography crimes use a variety of devices, to include cell phones, tablets, thumb drives, external hard drives, laptop computers, and desktop computers to produce, receive, distribute and possess child pornography.  I also know that computer files or remnants of such files can be recovered from such devices months or even years after they have been downloaded, saved, deleted, or viewed via the Internet. Electronic files downloaded to a device can be stored for years. Even when such files have been deleted, they may be recoverable months or years later using readily available forensic tools. When a person "deletes" a file on a device, the data contained in the file does not actually disappear; rather, that data can remain on the device until it is overwritten by new data. In addition, an operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the Internet are automatically downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve residue of an electronic file from a computer, hard drive, or other digital device, often depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

21.     In this case, the user of the bigdirtymac account has demonstrated a months-long pattern of child pornography activity using a digital device at the SUBJECT PREMISES and there is probable cause to believe that evidence of such activity will be found on devices at the SUBJECT PREMISES.

**CONCLUSION**

22. Based upon the forgoing, I respectfully submit that there is probable cause to believe that evidence, fruits and instrumentalities of violations of 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), and 2252A(a)(5)(B) as specifically described in Attachment B to this application, are presently located within the SUBJECT PREMISES as described and depicted in Attachment A.

CHRISTA THOMAS
Special Agent
Federal Bureau of Investigation

Affidavit submitted electronically by email in .pdf format. Oath administered, and contents and signature attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on 1/24/2023.

Marian W. Payson

HON. MARIAN W. PAYSON
United States Magistrate Judge